UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| RANDY EDWARDS, GDOC #564997, | ) |
| | ) |
|    *Plaintiff*, | ) |
| | ) |
| v. | )   No.: 1:15-cv-68-HSM-WBC |
| | ) |
| STATE OF TENNESSEE, R. STEVEN | ) |
| BABB, District Att'y, 10th Judicial District, | ) |
| BRADLEY COUNTY SHERIFF'S | ) |
| DEP'T, *et. al*, | ) |
| | ) |
|    *Defendants*. | ) |

## MEMORANDUM OPINION

Randy Edwards, a prisoner in the Hall County Correctional Institution in Gainesville, Georgia, filed this *pro se* complaint for injunctive relief under 42 U.S.C. § 1983, alleging that his federal rights under the Interstate Agreement on Detainers Act (IAD") have been violated (Doc. 1). This action was filed in the Middle District of Tennessee, which transferred it to this division, without performing a review of the merits of the pleading (Doc. 4).

Under the Prison Litigation Reform Act (PLRA), district courts must screen prisoner complaints and sua sponte dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g., Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

> Responding to a perceived deluge of frivolous lawsuits, and, in particular, frivolous prisoner suits, Congress directed the federal courts to review or "screen" certain complaints sua sponte and to dismiss those that failed to state a claim upon which relief could be granted, that sought monetary relief from a defendant immune from such relief, or that were frivolous or malicious.

*Id*. at 1015-16 (6th Cir. 1999) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).

In performing this task, the Court recognizes that *pro se* pleadings are to be generously construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). All well-pleaded allegations in the complaint will be taken as true and the factual allegations will be considered to determine whether "they plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009). The Court examines the complaint in light of those requirements.

Plaintiff contends that, on May 24, 2013, while confined in a jail in Georgia, he signed a waiver of extradition form, agreeing to be extradited to answer to a charge in Bradley County, Tennessee, for theft of property, Case No. 13-CR-1353. Plaintiff likewise maintains that there is a pending warrant from Bradley County, which relates to a criminal charge in Georgia, for which he has accepted responsibility and has been ordered to pay $2,450.00 to the victim in Tennessee.

Plaintiff asserts that, since the signing of the waiver, he has corresponded with the Bradley County District Attorney's office about the charge and was informed, by a letter from a legal secretary in that office, that no detainer had been filed against him. The letter further informed plaintiff that a "hold" was different from a detainer, implying that a "hold" had been placed against plaintiff. Plaintiff alleges that he has followed the procedures set forth in the Georgia state statutes involving the IAD, but that he has been unable to secure disposition of the hold. Plaintiff seemingly argues that, since both a detainer and a "hold" affect his release date, deprive him of parole consideration in

Georgia, and prolong his confinement, he has a "liberty interest" in obtaining a resolution of the "hold" and the warrant.

Plaintiff requests the Court to review the files of the District Attorney and of the Clerk of the Bradley County General Sessions Court to verify that he has followed the correct procedures in his attempts to resolve the matter, to find that the State failed to comply with the 180-day rule in the IAD, and to dismiss the charge(s), the warrant, and the indictment with prejudice.

First, the statute upon which plaintiff's lawsuit is based, i.e., 42 U.S.C. § 1983, provides for redress of the deprivation of a right guaranteed by the Constitution or laws of the United States caused by a "person" acting under color of state law. *See Monell v. Dep't of Soc. Serve.*, 436 U.S. 658, 690 & n. 55 (1978) (for purposes of a § 1983 action, a "person" includes individuals and "bodies politic and corporate").

Here, plaintiff has named the Bradley County Sheriff's Department as a defendant, but unfortunately for plaintiff, this defendant is not an entity subject to suit under § 1983. *See Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994) (a police department is not an entity which can be sued under § 1983); *see also De La Garza v. Kandiyohi County Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (neither a county jail nor a sheriff's department is a suable entity).

Turning now to plaintiff's invocation of his rights under the IAD, the United States, forty-eight states (including Georgia and Tennessee), and the District of Columbia have entered into this interstate compact, to establish procedures for resolution of one jurisdiction's outstanding charges against another jurisdiction's prisoner. *See New York v. Hill,* 528 U.S. 110, 111 (2000). As explained by the Sixth Circuit, "the IAD provides,

3

in essence, that if a receiving state has an outstanding information or indictment against a person serving a sentence in another party state (sending state), and if the receiving state has issued a detainer (defined as any notification to the sending state that the receiving state wishes to try the defendant upon an outstanding information), then the defendant must be tried within 180 days (with certain exceptions) after he is delivered to the custody of the receiving state."[1] *Browning v. Foltz*, 837 F.2d 276, 283 (6th Cir. 1988

However, the procedural requirements of the IAD do not apply until a detainer is lodged against a prisoner. *See United States v. Mauro*, 436 U.S. 340, 361 (1978) (finding that where a detainer had not been filed, the IAD never became applicable, so as to bind the government to its provisions), and at 361-62 (noting that, once a detainer is lodged against a prisoner with state prison officials, the IAD "by its express terms becomes applicable," so that compliance with its provisions is required); *see also Jenkins v. Snyder*, 3 F. App'x 350, 351 (6th Cir. 2001) ( observing that "[t]he provisions of the IAD are not triggered until a detainer is filed with the custodial state by another state having untried charges pending against the prisoner") (emphasis omitted).

Therefore, to the extent this claim can even be entertained in a § 1983 action, *see Barnett v. Clark*, No. 1:06-CV-235, 2008 WL 189856, at *4 (E.D. Tenn. Jan. 22, 2008) (noting that the Supreme Court "has recognized that a plaintiff may state a § 1983 claim for relief if he is transferred pursuant to the IAD in violation of any pre-existing rights he may have under state or federal law") (citing *Cuyler v. Adams*, 449 U.S. 433

---

[1] A detainer is a notice filed with an institution in which a particular prisoner is incarcerated, advising that he is wanted to face pending criminal charges in another jurisdiction, and requesting that the prisoner either be held for the other jurisdiction or that the other jurisdiction be notified when the prisoner's release is imminent. *Hill*, 528 U.S. at 111-112.

(1981)), the Court finds that, at this time, plaintiff has not stated a claim for violation of his rights under the IAD.

Finally, plaintiff's request to have the Bradley County criminal charge, the warrant, and the indictment dismissed are not cognizable types of relief in a civil rights action, as it is well-recognized law that the sole federal remedy for claims relating directly to the fact and duration of an individual's physical confinement lies in filing a petition for habeas corpus relief under 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). Because these kinds of relief are not available in a civil action and because such claims must be brought in a habeas corpus application, all such claims fail to state a claim entitling plaintiff to relief in this civil suit.

For all the above reasons, plaintiff's complaint does not pass the screening test since it fails to state a claim which would entitle him to relief under § 1983. It will be **DISMISSED** sua sponte under 28 U.S.C. §§ 1915(e)(2) and 1915A.

A separate judgment will enter.


**ENTER:**


                                           /s/Harry S. Mattice, Jr.
                                          HARRY S. MATTICE, JR.
                                          UNITED STATES DISTRICT JUDGE